IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VINCENT PISCIOTTA, #23174-045 § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL CASE NO. 3:17-CV-2797-L-BK |
| § | |
| DJ HARMON, Warden, § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this action was referred to the United States magistrate judge for judicial screening. On October 11, 2017, Petitioner, a federal prisoner, filed a *pro se* petition for writ of habeas corpus seeking relief under 28 U.S.C. § 2241. Upon review of the relevant pleadings and applicable law, and for the reasons that follow, it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

**I. BACKGROUND**

In 2012, a jury convicted Petitioner in the United States District Court for the Western District of Missouri of conspiracy to commit arson, arson, and use of fire to commit a federal felony offense, and, in 2013, he was sentenced to a combined term of 240 months' imprisonment. The Court also ordered a three-year term of supervised release and restitution of $1,440,219.73. Doc. 5 at 3; *United States v. Pisciotta*, No. 4:10-CR-174-02 (W.D. Mo. 2013), *aff'd*, *United States v. Anderson*, 783 F.3d 727 (8th Cir. 2015), *cert. denied sub nom.*, *Pisciotta v. United States*, ___ U.S. ___, 136 S. Ct. 199 (2015). Petitioner unsuccessfully sought post-conviction relief under 28 U.S.C. § 2255. *Pisciotta v. United States*, No. 4:15-CV-1030, 2016

WL 4745186 (W.D. Mo. Sep. 12, 2016) (denying section 2255 relief), *certificate of appealability denied*, 2017 WL 5157748 (8th Cir. Mar. 1, 2017), *cert. denied*, No. 16-9515, 2017 WL 2573842 (U.S. Oct. 2, 2017).

In the petition *sub judice*, Petitioner again challenges his conviction, claiming actual innocence and a double jeopardy violation. Doc. 3 at 1 (original petition); Doc. 5 at 5 (amended petition on court form). He alleges that alibi witnesses can "verify [his] total and unequivocal innocence of all charges." Doc. 5 at 5. Petitioner also claims a double jeopardy violation stemming from "acts and Counts described as 'Arson' and 'Conspiracy to commit Arson.'" *Id.* In the brief attached to his original petition, Petitioner raises five grounds of ineffective assistance of counsel at trial and at sentencing. Doc. 3 at 7-26.

## II. ANALYSIS

At the outset, this Court evaluates the substance of Petitioner's claims to determine if they are properly brought under 28 U.S.C. § 2241. The Court concludes they are not.

A section 2255 motion to vacate sentence provides the primary means of "collaterally attacking a federal sentence" and is the appropriate remedy for "errors that occurred at or prior to the sentencing." *Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005) (internal quotations and citations omitted). A section 2241 petition, on the other hand, is the proper procedural vehicle in which to raise an attack on "the manner in which a sentence is executed." *Id.* A petition filed under section 2241 is not a substitute for a section 2255 motion. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

A section 2241 petition that seeks to challenge the validity of a federal sentence, by challenging errors that occurred at trial or sentencing, must either be dismissed or construed as a

section 2255 motion.  *See Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000).  But a federal prisoner "may bring a petition under § 2241 to challenge the legality of his conviction or sentence if he can satisfy the mandates of the 'savings clause' of § 2255."  *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003) (citing *Reyes-Requena v. United States,* 243 F.3d 893, 900-01 (5th Cir. 2001)).  Under the "savings clause" of section 2255, the petitioner has the burden of showing that the section 2255 remedy is "inadequate or ineffective to test the legality of his detention."  *Jeffers*, 253 F.3d at 830; *see also Padilla*, 416 F.3d at 426.[1]

Although Petitioner filed his initial and amended habeas corpus petitions under section 2241, he does not seek to attack the manner in which his sentence is being executed and challenges, instead, his federal conviction and sentence.  Doc. 3; Doc. 5.  Petitioner also does not specifically invoke the savings clause of section 2255 to pursue his claims under § 2241.  That notwithstanding, he fails to meet his burden of showing that the section 2255 remedy is either inadequate or ineffective to the test the legality of his detention.  *See Jeffers*, 253 F.3d at 830 (petitioner bears burden "to show the inadequacy or ineffectiveness of a motion under § 2255").

Petitioner cannot rely on section 2241 merely because he cannot seek relief under section 2255.  *Cf. Pack*, 218 F.3d 448, 453 (summarizing authority holding that prior, unsuccessful

---

[1] The so-called "savings clause" provides that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that *the remedy by motion is inadequate or ineffective to test the legality of his detention*."  28 U.S.C. § 2555(e) (emphasis added).

Because Petitioner is incarcerated within the Northern District of Texas, this Court has jurisdiction to determine whether he may proceed under section 2241.  *See Padilla,* 416 F.3d at 426 ("Only the custodial court has the jurisdiction to determine whether a petitioner's claims are properly brought under § 2241 via the savings clause of § 2255.").

Page **3** of **7**

section 2255 motion, limitations bar, and successiveness do not render section 2255 remedy inadequate or ineffective). Moreover, "the savings clause of section 2255 applies to a claim of actual innocence '(i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first § 2255 motion.'" *Padilla*, 416 F.3d at 426 (quoting *Reyes-Requena*, 243 F.3d at 904); *see also Christopher*, 342 F.3d at 382. Petitioner fails to establish either requisite. Thus, he cannot prevail.

Petitioner does not premise his claims on a retroactively-applicable Supreme Court decision calling into question the validity of his conviction. Notably his amended petition does not cite any authority or Supreme Court opinion in support of his claims. Rather, Petitioner only alleges that alibi witnesses can "verify [his] total and unequivocal innocence of all charges." Doc. 5 at 5. He also vaguely references a double jeopardy violation, referencing "acts and Counts described as 'Arson' and 'Conspiracy to commit Arson.'" *Id.* Thus, neither claim demonstrates that (1) that Petitioner is actually innocent of the charges against him or (2) the conduct for which he was convicted was decriminalized by a retroactively-applicable Supreme Court decision.

The original habeas corpus petition fares no better. In ground 3, Petitioner claims in passing that "divisibility" should have been considered before sentencing, citing *Mathis v. United States*, ___ U.S. ___, 136 S. Ct. 2243 (2016).[2] Doc. 3 at 18. However, even if *Mathis*

---

[2] *Mathis* held that, for the purpose of determining whether an offense qualifies as an Armed Career Criminal Act (ACCA) predicate, the court takes a modified categorical approach, looking to the statutory elements of the offense rather than to the means of commission. 136 S. Ct. at 2257.

were remotely applicable to his case, it did not announce a new rule of constitutional law that has been made retroactive to cases on collateral review.  *See In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (denying authorization to file a successive application under 28 U.S.C. § 2255(h)(2) because *Mathis* did not set forth a new rule of constitutional law that has been made retroactive to cases on collateral review).  Indeed, the Supreme Court explicitly stated in *Mathis* that it was not announcing a new rule and that its decision was dictated by decades of prior precedent.  136 S. Ct. at 2257; *see also Teague v. Lane*, 489 U.S. 288, 301 (1989) ("[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final."). [3]

Moreover, the remaining claims in the original petition complain of ineffective assistance of counsel at trial and at sentencing, and do not seek to rely on any new retroactively applicable Supreme Court decision that establishes he was convicted of a nonexistent offense.  Doc. 3 at 7-22.  Petitioner asserts:

1. Counsel failed to object to the jury instructions and ignored "the Defendant's right to review and inspect all aspect of discovery," Doc. 3 at 7, 9,

2. Counsel failed to file pretrial motions with respect to alibi witnesses, suppression, severance, and double jeopardy issue, Doc. 3 at 10,

3. Counsel failed to request an evidentiary hearing to challenge unfounded allegations of violence in Petitioner's criminal history, which resulted in a harsher sentence, Doc. 3 at 12,

4. Counsel failed to object to jury instructions based on Double Jeopardy and raise issue in pretrial motions, causing Petitioner to be found guilty of arson in two counts, Doc. 3 at 19-21, and

---

[3] In the United States Court of Appeals for the Fifth Circuit, for purposes of the savings clause, there is no requirement "that the Supreme Court must have made the determination of retroactivity."  *Santillana v. Upton*, 846 F.3d 779, 783 (5th Cir. 2017) (citing *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010)).

5. Counsel failed to file a pretrial motion requesting that Petitioner's alibi witnesses be included and presented at trial, Doc. 3 at 22.

In sum, because Petitioner fails to raise a claim that is based on a retroactively applicable Supreme Court decision that establishes that the petitioner may have been convicted of a nonexistent offense, the Court is without jurisdiction to consider his habeas petition. *See Christopher*, 342 F.3d at 379 (remanding section 2241 habeas petition for dismissal for lack of jurisdiction because petitioner failed to show section 2255 remedy was inadequate or ineffective).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus under 28 U.S.C. § 2241 be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

**SIGNED** January 31, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE